IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| CALVARY CHRISTIAN CENTER, ) <br> ) <br> Plaintiff, ) <br> ) Civil Action No. 3:11-cv-00342 <br> ) <br> ) <br> CITY OF FREDERICKSBURG, ) <br> VIRGINIA, ) <br> Defendant. ) <br> _____ ) | |

### **DEFENDANT'S MEMORANDUM IN OPPOSITION TO THE MOTION OF AMERICAN CIVIL LIBERTIES UNION OF VIRGINIA, INC. FOR LEAVE TO FILE BRIEF *AMICUS CURIAE* IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW the defendant, City of Fredericksburg, Virginia ("City"), by counsel, in opposition to the motion of the American Civil Liberties Union of Virginia ("ACLU") for leave to file a brief *amicus curiae* in opposition to defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The ACLU's Motion should be denied by this court since it fails to meet any of the necessary requirements to show that it is entitled to participate and file the brief *amicus curiae* as a party not related in any regard to this lawsuit.

**I.      Legal Argument**

Non-parties to a case rarely file briefs *amicus curiae* at the district court level. This fact is bolstered by the lack of a Federal Rule of Civil Procedure pertaining to *amicus* briefs. Non-parties most appropriately become involved via briefs *amicus curiae* in cases at the Fourth Circuit Court of Appeals level (or the United States Supreme Court). This fact is verified by Rule 29 of the Federal Rules of Appellate Procedure which specifically addresses *amicus* briefs.

It is not proper for the ACLU to file an *amicus* brief in this case, as the ACLU does not

1

meet the requirements necessitating its involvement on behalf of plaintiff or as a friend of the court. The requirements for being able to file an *amicus* brief at the trial court level are found in the following case law:

> The Court has broad discretion in deciding whether to allow a non-party to participate as an *amicus curiae. See, e.g., Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982); *Waste Mgmt., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995). Such non-party participants have "been allowed at the trial level where they provide helpful analysis of the law, they have a special interest in the subject matter of the suit, or existing counsel is in need of assistance." *Bryant v. Better Business Bureau,* 923 F. Supp. 720, 727 (D.Md. 1996) (internal citations omitted); *see also Northern Sec. Co. v. United States*, 191 U.S. 555, 556, 24 S. Ct. 119, 48 L. Ed. 299 (1903). However, "[a] motion for leave to file an amicus curiae brief . . . should not be granted unless the court 'deems the proffered information timely and useful.'" *Bryant*, 923 F. Supp. at 727-28 (citing *Yip v. Pagano*, 606 F. Supp. 1566, 1568 (D.N.J. 1985)).

*Tafas v. Dudas*, 511 F. Supp. 2d 652 (E.D. Va. 2007). The court has broad discretion is allowing the filing of a brief *amicus curiae*, and the motion for leave to file should be denied.

In the present situation, counsel for plaintiff needs no assistance, as it is more than adequately represented by Matthew Fender of McGuire Woods in Richmond, Virginia, and Erik Stanley and Kevin Theriot of the Alliance Defense Fund, a national organization whose mission is to protect constitutional rights of Americans. Therefore, the ACLU is not providing any legal assistance of which present counsel is in need. Additionally, counsel for plaintiff has already put forth a twenty-eight page Memorandum in Opposition to Defendant's Motion to Dismiss which contains a thorough legal analysis of plaintiff's arguments in regard to the issues discussed in defendant's Motion. The ACLU's proposed opposition contains no new helpful analysis of the law which counsel for plaintiff has not already offered. *See* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss.

Finally, the ACLU has not adequately stated a special interest in the subject matter of the lawsuit. While the ACLU has expressed an interest in protecting civil rights of persons with

disabilities, it has not alleged a special interest as to why it needs to become involved in this particular case. In other words, it has only expressed a general interest in protecting the rights of individuals with disabilities but has pled no facts, circumstances, or otherwise as to why it has a particular interest in this case to the extent that it should be granted the right to file an *amicus* brief. The ACLU must allege more than a general interest in the case at hand to become involved as a non-party. The ACLU has failed to sufficiently meet any of the requirements necessary to show why this court should allow it to file the *amicus* brief; therefore, this court should deny the motion.

Finally, *amicus* briefs should not generally be admitted at the district court level, especially if counsel for one of the parties does not agree to allow the filing of the *amicus* brief. This reason should also factor into the court's consideration in deciding whether the motion should be granted. "We believe a district court lacking joint consent of the parties should go slow in accepting, and even slower in inviting, an amicus brief unless, as a party, although short of a right to intervene, the amicus has a special interest that justifies his having a say, or unless the court feels that existing counsel may need supplementing assistance." *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir., 1970). Not only has the ACLU failed to sufficiently assert anything other than a general interest in persons with disabilities (and clearly plaintiff's counsel needs no assistance), but counsel for the defendant objects to the involvement of the ACLU in this matter. This court should not allow the filing of the brief by the ACLU in this action.

## II. Conclusion

For the above stated reasons, the City of Fredericksburg, Virginia, by counsel, respectfully requests that this court deny the motion by the ACLU to file a brief *amicus curiae* in opposition to defendant's motion to dismiss.

        Respectfully submitted,

        CITY OF FREDERICKSBURG, VIRGINIA

        By:    /s/ Medford J. Brown, IV

Jennifer Lee Parrish, VSB # 31996
Medford J. Brown, IV, VSB # 76543
PARRISH, HOUCK & SNEAD, PLC
701 Kenmore Ave, Suite 100
P.O. Box 7166
Fredericksburg, VA 22401-7166
(540) 373-3500
Fax: (540) 899-6394
parrish@phslawfirm.com
*Counsel for defendant City of Fredericksburg*

## CERTIFICATE OF SERVICE

    I hereby certify that on the 24th day of June, 2011, I will electronically file the foregoing Defendant's Memorandum in Opposition to the ACLU's Motion for Leave to file a Brief of *Amicus Curiae* with the Clerk of the Court using the CM/ECF system which will send notice to:

Matthew D. Fender
Virginia Bar #76717
McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, VA 23219
(804) 775-1076
(804) 698-2209 (facsimile)
*Local Counsel for Plaintiff*

Erik W. Stanley
Kansas Bar # 24326
Kevin H. Theriot
Georgia Bar # 373095
Alliance Defense Fund
15192 Rosewood
Leawood, Kansas 66224
(913) 685-8000
(913) 685-8001 (facsimile)
*Counsel for Plaintiff*

Rebecca K. Glenberg (VSB #44099)
American Civil Liberties Union of
Virginia Foundation, Inc.
530 E. Main Street, Suite 310
Richmond, Virginia 23219
(804) 644-8080
(804) 649-2733 (fax)
*Counsel for the ACLU*

        /s/ Medford J. Brown, IV

Jennifer Lee Parrish, VSB # 31996
Medford J. Brown, IV, VSB # 76543
PARRISH, HOUCK & SNEAD, PLC
701 Kenmore Ave, Suite 100
P.O. Box 7166
Fredericksburg, VA 22401-7166
(540) 373-3500
Fax: (540) 899-6394
parrish@phslawfirm.com
*Counsel for defendant City of Fredericksburg*