IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| CALVARY CHRISTIAN CENTER,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | Civil Action No. 3:11-cv-00342 |
| v.    ) | |
| ) | |
| CITY OF FREDERICKSBURG,    ) | |
| VIRGINIA,    ) | |
| Defendant.    ) | |
| _____    ) | |

**DEFENDANT'S REPLY MEMORANDUM TO THE BRIEF OF *AMICUS CURIAE* AMERICAN CIVIL LIBERTIES UNION OF VIRGINIA, INC., IN SUPPORT OF THE MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

COMES NOW the defendant, City of Fredericksburg, Virginia, ("the City"), by counsel, in reply to the "Brief of *Amicus Curiae* American Civil Liberties Union of Virginia, Inc., in Opposition to Defendant's Motion to Dismiss" for failure of the plaintiff's Complaint to state any claims upon which relief can be granted under Counts 1 and 2 of the Complaint.[1]

    **I.**    **Plaintiff Lacks Standing to Assert Counts 1 and 2 of the Complaint.**

The American Civil Liberties Union ("ACLU") disagrees with the arguments contained in defendant's Memorandum in Support, but the ACLU sets forth essentially the same case law defendant previously cited to assert its position. Both the defendant and the ACLU agree with the application of *Helping Hand v. Baltimore County, Md.*, 515 F.3d 356 (4th Cir. 2008) and *Freilich v. Upper Chesapeake Health, Inc.*, 313 F.3d 205 (4th Cir. 2002) to the facts of the case. The ACLU also cites several other cases supporting its position that plaintiff has associational

---

[1] The American Civil Liberties Union's Brief only addresses defendant's arguments under the Motion to Dismiss as to Counts 1 and 2 regarding standing and safety. *See* Brief of *Amicus Curiae*, p. 1, fn. 1.

standing. It should be noted that almost all of these other cases relate to drug treatment centers. *See* Brief of *Amicus Curiae*, p. 4. While courts have typically found that drug treatment centers (specifically methadone clinics) have standing to assert associational claims, the present case has a different set of facts, and these cases are not particularly demonstrative of the standing issues at hand.

Plaintiff lacks standing because plaintiff has failed to plead in the Complaint a claim for associational standing under Article II of the ADA. Plaintiff has not clearly specified the specific provisions of the ADA or the Rehabilitation Act under which plaintiff's claims against defendant have been brought. Plaintiff has failed to plead that its claims were being made on behalf of itself, rather than simply on behalf of the disabled children allegedly intending to enroll in Fairwinds day school. Plaintiff has alleged a general ADA violation and a general Rehabilitation Act violation, but plaintiff has not pled an *associational discrimination claim* on behalf of itself under Count1 or Count 2.

The allegations contained in Count 1 refer repeatedly to the "unlawful discriminatory effect upon disabled children in the day school" and the "significantly adverse or disproportionate impact on disabled children in the day school." Complaint, ¶¶ 133-134. The Complaint also alleges under Count 1 that defendant "failed to make a reasonable accommodation for disabled children in the day school." *Id.* at ¶ 135. *See also* ¶¶ 149-151, regarding the same allegations under Count 2, the claim for the violation of the Rehabilitation Act. What plaintiff fails to do under Counts 1 and 2 of the Complaint is to allege any unlawful discriminatory effect under the ADA or the Rehabilitation Act that the Church itself has suffered as a result of its association with the disabled students.

2

Plaintiff is not alleging that it has suffered a discriminatory impact in these two claims. It has admitted over and over again that the discriminatory impact has been upon the disabled students. *Id.* at ¶¶ 133- 134, 149-151. Any argument that ¶¶ 114 and 18 of the Complaint are sufficient to state the claim for associational discrimination are inadequate as these paragraphs refer to the claims regarding the exercise of religion and do not allege discrimination suffered as a result of the association between the Church and the Fairwinds day school students. The ACLU's attempt to link these paragraphs to the allegations contained in ¶¶ 130 and 146 of the Complaint still does not suffice to state a claim for associational discrimination. *See* Brief of *Amicus Curiae*, p. 7.

Plaintiff cannot therefore assert a Title II associational discrimination claim or Rehabilitation Act claim since it has not pled any claims for associational discrimination. It has not stated sufficient allegations to proceed on these claims on its own behalf. The Church is only asserting alleged violations of the acts and the corresponding impact on the disabled children, rather than on the Church. Counts 1 and 2 can only be interpreted as third party claims for which plaintiff has failed to meet the appropriate requirements for standing.

Even if this court determines that the Church is asserting an associational discrimination claim under Title II of the ADA or under the applicable portion of the Rehabilitation Act, the Church does not have associational standing to assert these claims because only Fairwinds day school would have standing to assert associational discrimination claims on its behalf. While the ACLU asserts that the Church will "operate" the school, this term is used loosely and does not establish the necessary relationship. Furthermore, plaintiff alleges a few paragraphs later that Ed Murphy is the director of Fairwinds (as opposed to Pastor Hirsch). *See* Complaint, ¶ 75. Fairwinds' sole "raison d'etre" is the provision of treatment to the day school students and would

be the comparable entity to a methadone clinic or drug treatment center. *See Helping Hand*, 515 F.3d at fn. 4. Plaintiff is not akin to a methadone clinic, as the sole purpose of the Church is not to help disabled children. Plaintiff is still one party removed from having associational standing, as Fairwinds is not a party to this action.

For the reasons stated above, plaintiff has failed to demonstrate any reason why it would have standing to assert claims under the ADA or the Rehabilitation Act, and therefore, these claims should be dismissed.

**II. Counts I and II Should Be Dismissed as Safety Was a Valid Consideration for the Denial of the Special Use Permit.**

The "safety" analysis conducted by City Council was premised upon several factors. Councilman Ellis' statements were notably based upon conversations with concerned parents who had children in daycare (¶ 93), a licensed social worker (¶ 94), a teacher, and a rehabilitation specialist. *See* "WRT SUP for a Special Day School," attached to Complaint, pp. 87-88. Furthermore, it is noted in the documents attached to the Complaint (which can be considered in a 12(b)(6) motion to dismiss) that Fairwinds operated without the required zoning permits on two occasions prior to attempting to operate at plaintiff's facility. *See* Memorandum, attached as p. 82 to the Complaint. It should also be noted that Fairwinds did not have a valid license at the time of the application to operate the school for disabled children. *See* p. 49, attached to plaintiff's Complaint.

Defendant's consideration of safety was valid considering all of the information available to it at the time of the denial of the special use permit. Given the limited ability of defendant to gather information on the students in the school, the considerations of safety were appropriate. The ACLU's citation to *Lockett v. Catalina Channel Express, Inc.* is helpful to defendant. 496 F.3d 1061 (9th Cir. 2007). In *Lockett*, the court stated:

4

> In determining whether an individual poses a direct threat to the health or safety of others, a public accommodation must make an individualized assessment, based on reasonable judgment that relies on current medical knowledge *or on the best available objective evidence*, to ascertain: the nature, duration, and severity of the risk; the probability that the potential injury will actually occur; and whether reasonable modifications of policies, practices, or procedures will mitigate the risk.

*Id.* at 1066 (emphasis added). Defendant made its decision based on the best available objective evidence and spoke with parents, teachers, a social worker, and a rehabilitation specialist who were familiar with students with emotional disabilities. *See* "WRT SUP for a Special Day School," attached to Complaint, pp. 87-88. Furthermore, the "existence, or nonexistence, of a significant risk must be determined from the standpoint of the person who refuses the treatment or accommodation, and the risk assessment must be based on medical or other objective evidence." *Bragdon v. Abbott*, 524 U.S. 624, 649 (1998). Therefore, the safety issue should be appropriately assessed from the point of view of the members of City Council. Finally, an individualized assessment is not required if it would be impractical to do so. *See E.E.O.C. v. Exxon Corp.,* 967 F.Supp. 208, 211 (N.D. Tex. 1997) (stating "that an [entity] need not satisfy the direct threat test via individualized assessment if that [entity] can prove that it is impossible or impractical to individually assess each [person] affected by the policy."); *see also* E.E.O.C. v. Union Pacific R.R., 6 F.Supp.2d 1135, 1138 (D. Idaho, 1998) (inferring that the individualized assessment "excuse" could be utilized if making an individualized assessment was impossible.)

The citations by ACLU to other cases are not applicable to the case at hand. The case of *School Bd. Of Nassau County v. Arline* does not discuss the ADA, it involves a discussion of "contagious" individuals, and the court did not reach a definitive conclusion as to whether the individual in question was qualified to perform her teaching position. 480 U.S. 273, 288-89 (1987). The case of *City of Cleburne v. Cleburne Living Center* is also not applicable to this case

5

since it involves a claim for equal protection, rather than a claim under the ADA or the Rehabilitation Act. 473 U.S. 432 (1985). Because safety was a valid concern for the denial of the special use permit, Counts 1 and 2 should be dismissed by this court.

### III. Conclusion

For the above stated reasons, the City of Fredericksburg, Virginia, by counsel, respectfully requests that this court grant defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure of plaintiff to state any claims against defendant upon which relief can be granted.

                                              Respectfully submitted,

                                              CITY OF FREDERICKSBURG, VIRGINIA

                                              By:     /s/ Medford J. Brown, IV

Jennifer Lee Parrish, VSB # 31996
Medford J. Brown, IV, VSB # 76543
PARRISH, HOUCK & SNEAD, PLC
701 Kenmore Ave, Suite 100
P.O. Box 7166
Fredericksburg, VA 22401-7166
(540) 373-3500
Fax: (540) 899-6394
parrish@phslawfirm.com
*Counsel for defendant City of Fredericksburg*

### CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of June, 2011, I will electronically file the foregoing Defendant's Reply Memorandum to the Brief of *Amicus Curiae* American Civil Liberties Union of Virginia, Inc. in Support of Its Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) with the Clerk of the Court using the CM/ECF system which will send notice to:

Matthew D. Fender
Virginia Bar #76717
McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, VA 23219
(804) 775-1076
(804) 698-2209 (facsimile)
*Local Counsel for Plaintiff*

Erik W. Stanley
Kansas Bar # 24326
Kevin H. Theriot
Georgia Bar # 373095
Alliance Defense Fund
15192 Rosewood
Leawood, Kansas 66224
(913) 685-8000
(913) 685-8001 (facsimile)
*Counsel for Plaintiff*

Rebecca K. Glenberg (VSB #44099)
American Civil Liberties Union of
Virginia Foundation, Inc.
530 E. Main Street, Suite 310
Richmond, Virginia 23219
(804) 644-8080
(804) 649-2733 (fax)
*Counsel for the ACLU*

    /s/ Medford J. Brown, IV

Jennifer Lee Parrish, VSB # 31996
Medford J. Brown, IV, VSB # 76543
PARRISH, HOUCK & SNEAD, PLC
701 Kenmore Ave, Suite 100
P.O. Box 7166
Fredericksburg, VA 22401-7166
(540) 373-3500
Fax: (540) 899-6394
parrish@phslawfirm.com
*Counsel for defendant City of Fredericksburg*