IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| CALVARY CHRISTIAN CENTER,          )<br>                                                           )<br>           Plaintiff,                           )<br>                                                           )<br>vs.                                                    )           Case No. 3:11-cv-00342<br>                                                           )<br>CITY OF FREDERICKSBURG,      )<br>VIRGINIA,                                       )<br>                                                           )<br>           Defendant.                        )<br>_____ ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR
LEAVE TO FILE AMENDED COMPLAINT**

By Order dated November 21, 2011, this Court dismissed Plaintiff's Complaint. Plaintiff now seeks leave to amend its Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 15 states: "The Court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). The Supreme Court has cautioned that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that [the] plaintiff be given every opportunity to cure a formal defect in his pleading." *Ostrzenski v. Seigel*, 177 F.3d 245, 252-53 (4th Cir.1999). The Fourth Circuit has stated that "[i]t is this Circuit's policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010).

"Leave to amend under Rule 15(a) 'should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or

amendment would be futile.'" *Burnette v. Fahey*, 3:10CV70, 2011 WL 796739 (E.D. Va. Mar. 1, 2011) (quoting *Matrix Capital Mgmt. Fund, L.P. v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir.2009)). Here, none of the circumstances exist for denying leave to amend.

First, the amendment would not be prejudicial to Defendant in any way. The Motion for leave to file an Amended Complaint comes directly after this Court dismissed Plaintiff's original Complaint. The dismissal was at an early phase of this case. No discovery has yet been conducted by the parties. The Fourth Circuit has stated: "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). When additional allegations or claims are added that are based on the facts already pled, and the amendment occurs prior to discovery, there can be no prejudice to the Defendant. *See id.* (Stating: "An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered *before any discovery has occurred*.") (emphasis added); *see also Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.1980) ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of the defendant's case.").

Second, there has been no bad faith on the part of the Plaintiff. Plaintiff files this Motion for Leave to Amend shortly after this Court dismissed the Plaintiff's original Complaint. There has been no bad faith on the part of the Plaintiff and the amendment is not offered for any improper purpose. Rather, the Amended Complaint is offered to clarify and strengthen Plaintiff's claims against Defendant and to cure the defects noted by this Court in its dismissal Order. The Motion for Leave to Amend is offered under the spirit and letter of Rule 15 and not for any improper purpose.

Finally, the amendment would not be futile because it cures the defects found by this Court in its dismissal Order of November 21, 2011. First, this Court dismissed Plaintiff's claims under the ADA and the Rehab Act for lack of standing because of a lack of allegations that Calvary itself had suffered any injury as a result of its association with the disabled students in the day school. Calvary has added allegations about the harm that it has suffered itself as a result of its association with the day school students. *See e.g.,* Amended Complaint at ¶¶ 125-130, 148-151, 168-171. Additionally, the proposed amendment also adds in Ed Murphy & Associates d/b/a/ Fairwinds Day School ("Fairwinds") as a plaintiff. Fairwinds is the entity that will partner with Calvary to operate the day school and the Amended Complaint contains allegations as to how Fairwinds has itself suffered because of the Defendant's actions. *See e.g,* Amended Complaint at ¶¶ 131-132. These allegations cure the standing defect noted by this Court in its dismissal Order.

Second, the Court dismissed Plaintiff's RLUIPA and Free Exercise claims because it found that "Calvary had not pled sufficient facts to show that the curriculum and administration of the day school are anything other than secular." *See* Order of November 21, 2011, Dk #36 at 8. The Amended Complaint contains allegations as to how the operation and administration of the day school are a part of Calvary's religious exercise. *See e.g,* Amended Complaint at ¶¶ 37-48, 56-60. These detailed allegations are sufficient to cure the defect identified by this Court in its dismissal of Plaintiff's RLUIPA and Free Exercise claims.

Third, this Court dismissed Plaintiff's Free Speech claim. Plaintiff's Amended Complaint deletes the Free Speech claim thus curing this defect that led to the dismissal of Plaintiff's Complaint.

Finally, the Amended Complaint adds a Fourteenth Amendment Due Process claim that alleges that Defendant's Zoning Code is unconstitutionally vague. This claim is based on the same set of operative facts as was already alleged in Plaintiff's original Complaint. As the Fourth Circuit stated: "An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). Because this claim was not part of the Court's dismissal Order, the amendment of the Complaint to include this claim would, by definition, not be futile.

Because the proposed Amended Complaint would not prejudice the Defendant, because it is not offered in bad faith, and because the amendment is not futile, this Court should grant the Motion and allow the Amended Complaint.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court grant the Motion for Leave to File an Amended Complaint and direct the Clerk to file the Amended Complaint attached to Plaintiff's Motion

Respectfully submitted this 21st day of December, 2011.

| | |
|---|---|
| /s/ Erik W. Stanley | /s/ Matthew D. Fender |
| Erik W. Stanley | Matthew D. Fender |
| Kansas Bar No.: 24326 | Virginia Bar No. 76717 |
| estanley@telladf.org | mfender@mcguirewoods.com |
| Kevin H. Theriot | **McGuireWoods LLP** |
| Georgia Bar No.: 373095 | One James Center |
| ktheriot@telladf.org | 901 East Cary Street |
| **Alliance Defense Fund** | Richmond, VA 23219 |
| 15192 Rosewood | (804) 775-1076 |
| Leawood, Kansas 66224 | (804) 698-2209 (facsimile) |
| (913) 685-8000 | Local Counsel for Plaintiff |
| (913) 685-8001 (facsimile) | |
| Attorneys for Plaintiff | |

## CERTIFICATE OF SERVICE

      I hereby certify that on the 21st day of December, 2011, I filed the foregoing Memorandum of Law in Support of Plaintiff's Motion for Leave to Amend with the Clerk of the Court using the CM/ECF system which will send notice to:

    Jennifer L. Parrish
     parrish@phslawfirm.com
    Medford J. Brown
     brown@phslawfirm.com
    Parrish, Houck & Snead, PLC
    701 Kenmore Avenue, Suite 100
    P.O. Box 7166
    Fredericksburg, VA  22401-7166
    (540) 373-3500
    Attorneys for Defendant

                                                                         /s/  Matthew D. Fender